A. M. RUMLEY v. WILLIAM PURYEAR et al.

*Action to Recover Land—Judgment.*

Where, in the trial of an action of ejectment, the plaintiff established
title in himself by a succession of deeds through a sale under
power in a mortgage given by the ancestors of defendants, it
was error to adjudge that plaintiff was entitled only to an order of
sale of the land.

CIVIL ACTION, to recover land, tried before *McIver, J.*,
and a jury, at July Special Term, 1896, of GUILFORD Supe-
rior Court.   The plaintiff introduced a mortgage deed exe-
cuted by John Puryear and wife (signed "Pryer"), non-pay-
ment of the debt, sale under the mortgage by the mortgagor,
deed to purchaser and deed from purchaser to plaintiff.
Defendants claimed as heirs of John Puryear.   His Honor
held that the plaintiff was not entitled to a judgment for
possession, but only to an order of sale, whereupon plain-
tiff submitted to a non-suit and appealed.

*Mr. J. A. Barringer*, for plaintiff (appellant).
No counsel, *contra*.

FURCHES, J.: This appeal was not argued for the ap-
pellees, and this may be unfortunate for them, as we are
unable to see any ground upon which the judgment of the
court can be sustained.   It is stated in the case that plain-
tiff and defendants both claim under the same party—the
common source.   And plaintiff has introduced deeds, with-
out objection, showing a regular chain of title from John
Puryear (or John Pryer) to himself.   And defendants, as
we understand the case, claim their title as the heirs at law
of the said John.   Upon plaintiff's showing these facts,
and also showing that defendants were in possession, we

see no reason why he was not entitled to a judgment for possession of the land.

But at this stage of the trial the court stated to the plaintiff "that he could not allow him to have a decree for possession of the land, and that all he could have was an order for sale." In this there was error. This ruling could not have been put upon the apparent difference in the name "Puryear" and "Pryer.' If it had been for this reason (and there is nothing in the record to suggest that it was), that the mortgagor was not the same person as that of the ancestor of defendants, there should have been no judgment for plaintiff, for this reason would have applied as well to "a decree for a sale of the land" as to a judgment for possession.

There is error and the judgment of non-suit is set aside and a new trial awarded.

New Trial.